UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>v.<br><br>QUINESSA BANKS, *et al.*<br><br>                       Defendants. | Case No. 08-CR-302-JPS |
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>v.<br><br>CATHERINE BOHANNON<br><br>                       Defendant. | Case No. 11-CR-207-LA<br><br>ORDER |

On October 11, 2011, the government filed a motion to reassign and join a related criminal case pending before another judge with a case currently on this Court's docket. (Case No. 08-CR-302, Docket #514). Specifically, the government asks this Court to take the following actions:

    (1)    reassign a case pending against Catherine Bohannon (Case No. 11-CR-207) and assigned to Judge Lynn Adelman to this Court, pursuant to Criminal Local Rule 13; and

    (2)    consolidate that case with Case No. 08-CR-302, currently pending against Quinessa Banks and several co-defendants, under Federal Rules of Criminal Procedure 8 and 13.

(U.S. Mot. 1). The Court agrees with the government that these cases are sufficiently related to satisfy all of the rules under which the government brings its motion. Thus, the motion will be granted.

REASSIGNMENT

Criminal Local Rule 13 allows the reassignment of a higher-numbered case to the judge assigned to the lower-numbered case, when the cases are "related" and meet the following criteria:

(1)   the cases arise from the same set of facts, events, or offenses;

(2)   both cases are pending in the Eastern District of Wisconsin;

(3)   the reassignment is likely to preserve judicial resources; and

(4)   the reassignment will not cause substantial delay to either case.

These cases meet the Local Rule 13 standard for reassignment. First, the cases are related and arise from the same set of facts. In both cases, the defendants face charges for conspiracy arising from their activities while living in the same home, accepting delivery of heroin, and preparing the heroin for sale and distribution.

Second, both cases are pending in the Eastern District of Wisconsin: the lower-numbered case with this Court, and the higher-numbered case with Judge Lynn Adelman.

Third, given that the cases arise from the same core of facts, it will preserve judicial resources to reassign the higher-numbered case to this Court. The lower-numbered case, *United States v. Quinessa Banks*, Case No. 08-CR-302, is a fairly complex case brought against a great multiple defendants. This Court is well-acquainted with the facts in that case, and in the interest of judicial economy will graciously accept the higher-numbered case. Doing so will spare Judge Adelman the trouble of having to become acquainted with the facts in a case that this Court is already familiar with.

Finally, the lower-numbered case against Quinessa Banks has not reached a point where reassignment would cause substantial delay. The lower-numbered case is scheduled for trial on December 5, 2011, but the government assures this Court that Bohannon will not need a great deal of time to prepare for that trial. The Court agrees. Bohannon will retain her current counsel after the reassignment, and the discovery necessary for the trial has been substantially completed, allowing Bohannon's counsel easy access to prepare for the trial.

For these reasons, the Court will accede to the government's request that the higher-numbered case be (*United States v. Catherine Bohannon*, Case No. 11-CR-207) be reassigned and consolidated with the lower-numbered case (*United States v. Banks, et al,* Case No. 08-CR-302) for purposes of trial.

CONSOLIDATION AND JOINDER

Federal Rule of Criminal Procedure 13 allows the consolidation of separate cases, when "all offenses and all defendants could have been joined in a single indictment or information."

In the cases that the government seeks to consolidate, all of the offenses and defendants could have been joined in a single indictment. The defendants are charged with the same crime, stemming from the same set of facts. In fact, the two defendants were initially charged in the same case, but the Court dismissed Ms. Bohannon from the original case due to a Speedy Trial Act violation. (Docket #388).

Because all of the charges and defendants could have been joined in a single indictment or information, the Court may consolidate the cases and will do so.

Turning to the joinder of the cases, Rule 8 of the Federal Rules of Criminal Procedure allows the joinder of defendants in an indictment, when

"they are alleged to have participated in the same…series of acts or transactions, constituting an offense or offenses."

These cases satisfy this standard. As discussed above, the defendants are charged with the same crime, stemming from the same set of facts. Therefore, the defendants are alleged to have participated in the same acts. As such, the two cases may be joined under Rule 8, and the Court will order that they should be joined.

CONCLUSION

For the reasons discussed above, the Court finds that the case against Catherine Bohannon, Case No. 11-CR-207, will be transferred to this Court. Additionally, the Court will consolidate and join Bohannon's case with the case against Quinessa Bank, Case No. 08-CR-302, already pending before this branch of the Court.

Because the Court believes that taking these actions will promote both judicial expediency and consistency in the resolution of the cases, the Court orders that the higher-numbered case (*United States v. Bohannon*, Case No. 11-CR-207) be transferred to this Court and thereafter consolidated and joined with the lower-numbered case (*United States v. Banks*, Case No. 08-CR-302).

Accordingly,

IT IS ORDERED that the United States' Motion For Reassignment of Related Case and Motion to Join Cases for Trial (Docket #514) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the Clerk of the Court take all appropriate steps to reassign and transfer *United States v. Bohannon*, Case No. 11-CR-207, currently pending before Judge Lynn Adelman to this branch of the Court, and

IT IS FURTHER ORDERED that *United States v. Bohannon*, Case No. 11-CR-207, be and the same is hereby consolidated and joined with *United States v. Banks*, Case No. 08-CR-302, for purposes of trial.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge